**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**WALTER WASILUK,**

                                **Plaintiff,**

    v.                                                            **5:19-cv-280**

**CITY OF ONEIDA, NEW YORK,**

                                **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

**ORDER**

Plaintiff commenced this action *pro se* asserting that his constitutional rights were being violated by the City of Oneida ("the City") because the City had foreclosed on Plaintiff's house for failure to pay taxes, and was "seeking to vacate [Plaintiff] from [his] house so that they can sell it . . . ." Compl. p. 5. Plaintiff asserts that the City's conduct violates the Eighth Amendment's Excessive Fines Clause, and his *pro se* pleading can also be interpreted as raising a Fourteenth Amendment due process challenge to the foreclosure proceedings. *See generally*, *id.*

The City moves for summary judgment seeking to dismiss the claims in the Complaint. Dkt. No. 37. In support of the motion, the City submits a detailed "Statement of Undisputed Material Facts in Support of Motion for Summary Judgment," supporting each

alleged fact with citations to the record as required by N.D.N.Y. L.R. 7.1(a)(3).[1] *See* Dkt. No. 37-40.  In opposition to the motion, Plaintiff submits an "Affidavit of Facts Disputing Motion for Summary Judgement," Dkt. No. 39, and a "Memorandum of Law Disputing Motion for Summary Judgement," Dkt. No. 39-1.  Although Plaintiff asserts in his affidavit that he "concedes no position taken by defendant," Plaintiff has not submitted a response to the City's statement of material facts that conforms with the requirements of N.D.N.Y. L.R. 7.1(a)(3). *See id.* ("The opposing party shall file a response to the Statement of Material Facts.  The non-movant's response shall mirror the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in a short and concise statement, in matching numbered paragraphs.  Each denial shall set forth a specific citation to the record where the factual issue arises.").  While the Local Rules provide that "[t]he Court shall deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert," *id.* (emphasis in original), it does not appear that the City provided Plaintiff with a notice advising him of the consequences of failing to respond to the City's statement of material facts.  *See* N.D.N.Y. L.R. 7.1(a)(3)("The moving party shall also advise *pro se* litigants about the consequences of their failure to respond to a motion for summary judgment."); *id.* at 56.2 ("When moving for summary judgment against a *pro se* litigant, the moving party shall inform the *pro se* litigant of the consequences of failing to respond to the summary judgment motion.  Counsel for the moving party shall send a notice to the *pro se*

---

[1] The Local Rules were amended effective January 1, 2021. In the amendment, L.R. 7.1 was dissected and various subsections were renumbered and relocated to correspond with the appropriate Federal Rule. The relevant substance of the rules did not change. In the currently operative version of the Local Rules, L.R. 56.1 deals with summary judgement motions. However, because the instant motion was filed in 2020, the Court refers to the Local Rules as they existed at that time.


litigant that a motion for summary judgment seeks dismissal of some or all of the claims or defenses asserted in their complaint or answer and that the *pro se* litigant's failure to respond to the motion may result in the Court entering a judgment against the pro se litigant.  Parties can obtain a  sample notice from the Court's webpage at 'www.nynd.uscourts.gov.'"); *Phillips v. Mitchell*, No. 9:19-CV-0383 (TJM/TWD), 2021 WL 1175051, at *3 (N.D.N.Y. Mar. 29, 2021)("Where, as in this case, a party has failed to respond to the movant's statement of material facts in the manner required under L.R. 7.1(a)(3), the facts in the movant's statement to which the plaintiff has not properly responded will be accepted as true (1) to the extent that they are supported by evidence in the record, and (2) provided that the nonmovant, if proceeding *pro se*, has been specifically advised of the possible consequences of failing to respond to the motion.")(citing *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996)).

      The Local Rules addressed to summary judgment motions are designed to allow the Court to efficiently and effectively rule on such motions by narrowing or eliminating genuine factual disputes.  Plaintiff may have believed that his statement that he "concedes no position taken by defendant" was sufficient to dispute some or all of the facts asserted in the City's statement of material facts, but that conclusion is not apparent on the instant record.  In order to allow the Court to efficiently and effectively rule on the motion, the Court will deny the motion without prejudice and with leave to re-file accompanied with a notice advising Plaintiff of the consequences of failing to respond to the motion, including the consequences of failing to properly respond to the City's statement of material facts.  Upon re-filing of the motion, Plaintiff can provide whatever response he deems

appropriate.

## Conclusion

For the reasons set forth above, the City's motion for summary judgment, Dkt. No. 37, is **DENIED without prejudice and with leave to re-file accompanied with a notice advising Plaintiff of the consequences of failing to respond to the motion**. If the City intends to re-file the motion, it should do so within twenty (20) days of the date of this Order.  If the motion is re-filed, Plaintiff will have twenty (20) days to respond, and, if he does, the City will have seven (7) days to file a reply.

**IT IS SO ORDERED.**

Dated: September 9, 2021

Thomas J. McAvoy
Senior, U.S. District Judge